**Oddis Lloyd WILLIAMSON, Plaintiff,**

v.

**INTERNATIONAL PAPER COMPANY, Defendant.**

**No. Civ.A. 1:98–0540 RVM.**

United States District Court,
S.D. Alabama,
Southern Division.

Oct. 14, 1999.

---

Edward L. D. Smith, Smith & Smith, Mobile, AL, Richard W. Fuquay, Pittman, Pittman, Carwie & Fuquay, Mobile, AL, for Oddis Lloyd Williamson.

Rebecca D. Parks, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, Christine Reiger Milton, Allison W. Keller, Thomas R. Brice, McGuire, Woods, Battle & Booth, LLP, Jacksonville, FL, Patrick H. Sims, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, AL, for International Paper.

## ORDER

VOLLMER, District Judge.

This matter is before the court on defendant International Paper Company timely-filed "Motion for Judgment as a Matter of Law" made at trial pursuant to Federal Rule of Civil Procedure 50.[1]

reverse its earlier denial of the motion for judgment as a matter of law; rather, the court requested defendant to submit a brief the next morning addressing the following question:

Whether the court must consider the evidence presented by defendant during its defense when the court rules on the motion for judgment as a matter of law filed at the conclusion of plaintiff's case but not argued until defendant had presented some of its evidence.

Upon reconsideration of its previous denial of the motion for judgment as a matter of law, the court concludes, for the reasons set forth herein, that the motion is due to be granted. Additionally, the court need not decide whether it must consider the evidence presented by defendant when ruling on the motion, because the court concludes that its ruling on the motion would be the same with or without consideration of such evidence.

1. Defendant filed its first Rule 50 motion at the close of plaintiff's evidence, whereupon the court informed counsel for both parties that it was denying the motion at that time. However, the court further informed counsel that it would hear defense counsel's argument on the motion at the end of the day. Defendant then proceeded with the presentation of its defense. Two defense witnesses testified before the trial adjourned for the day.

In accordance with its previous announcement, the court heard argument on defendant's motion for judgment as a matter of law after the jury was released for the day. At the court's request, argument was limited to the issue of whether there was any evidence that defendant regarded plaintiff as "disabled" by his diabetes as that term is defined under the Americans With Disabilities Act.

At the conclusion of argument, the court did not indicate whether it would adhere to or

Plaintiff Oddis Lloyd Williamson's sole cause of action is hostile work environment disability harassment under the Americans with Disabilities Act.[2] More specifically, plaintiff claims that defendant regarded him as disabled based on his diabetes and that he was subjected to a hostile work environment because of the perceived disability. In order to establish a *prima facie* case of disability harassment, plaintiff must present evidence, *inter alia*, that his employer regarded him as "disabled."

To be regarded as "disabled" under the law, the employer must regard the employee as having a physical or mental impairment which "substantially limits a major life activity."[3] On the evidence presented, the only "major life activities" in which defendant could have possibly regarded plaintiff as being substantially limited are "walking" and "working."[4] *See* 29 C.F.R. pt. 1630, App. § 1630.2(j) (1998) ("If an individual is not substantially limited with respect to any other major life activity, the individual's ability to perform the major life activity of working should be considered.").

**Major Life Activity of Working**

In order for a physical or mental impairment to substantially limit the major life activity of working, the impairment must significantly restrict a person's "ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). For example, a person who develops a back condition that prevents him from performing any heavy labor would be substantially limited in his ability to work because he is precluded from performing a class of jobs. *See* 29 C.F.R. Pt. 1630, App. § 1630.2(j) (1998). On the other hand, the "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). Thus, a major league pitcher who develops a strained elbow and can no longer throw a baseball would not be considered substantially limited in his ability to work because he is only precluded from performing a specialized job or a narrow range of jobs. *See* 29 C.F.R. Pt. 1630, App. § 1630.2(j) (1998). "To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Sutton v. United Air Lines,* 527 U.S. 471, ——, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999).

■ Upon applying the law to the evidence (or lack thereof) presented by either party, the court concludes that no evidence exists that defendant regarded plaintiff as substantially limited in the major life activity of working. There is no evidence that defendant altered plaintiff's job responsibilities, duties, or title in any manner after it learned of plaintiff's diabetic condition. To the contrary, the evidence indicates that plaintiff continued to perform the same job after defendant learned plaintiff had diabetes as he had performed prior to

---

**2.** Prior to trial, the court granted defendant's motion for summary judgment as to plaintiff's other two claims (actual disability and retaliation).

**3.** As set forth in the regulations, the phrase "major life activities" means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. pt. 1630 § 1630.2(i). Also, the phrase "substantially limits" means:

(1) Unable to perform a major life activity that the average person in the general population can perform; or

(2) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.
29 C.F.R. Pt. 1630 § 1630.2(j).

**4.** The determination of whether a plaintiff was substantially limited in his ability to work must be made as of the time the alleged discriminatory conduct occurred. *See Pritchard v. Southern Co. Services,* 92 F.3d 1130, 1132 (11th Cir.), *amended on reh'g,* 102 F.3d 1118 (11th Cir.1996).

that time. Although there is evidence that another employee expressed to company supervisors his negative opinion about the quality of plaintiff's work product after plaintiff's work station was physically moved to the fabrication building, there is no evidence that plaintiff was *ever* "written up" or otherwise disciplined for the quality of his work during his thirty years of employment with defendant (including the years he worked after being diagnosed as diabetic). Simply stated, there is no evidence that defendant took any action from which a jury could find that defendant regarded plaintiff as being substantially limited in his ability to perform his job, much less evidence that defendant regarded plaintiff as being substantially limited in his ability to perform a broad range or class of jobs (the definition of the major life activity of "working.").

Plaintiff's evidence indicates that defendant changed its corporate mind a few times as to the appropriate place at which plaintiff should check his blood sugar before settling on requiring plaintiff to perform his blood sugar test in the plant's medical facility. The evidence also indicates that defendant physically moved plaintiff (together with his lathe machine and tools) from the machine shop to the fabrication shop. However, this evidence does not indicate that defendant regarded plaintiff as substantially limited in his ability to perform his particular job, as revealed by the fact that plaintiff continued to do in the new location exactly what he had been doing prior to the move. Although defendant put on evidence that an employee in the new location criticized the quality of plaintiff's work after plaintiff was physically moved, there is no evidence that plaintiff's supervisors (or any employee) took any action based on that criticisms. Accordingly, the court concludes that there is no evidence upon which a reasonable juror could find that defendant perceived plaintiff as being substantially

limited in the major life activity of walking.[5]

## Major Life Activity of Walking

When determining whether a person is substantially limited in the major activity of walking, the following factors should be considered:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. Pt. 1630.2(j)(2).

■ The court finds that there is no evidence that plaintiff is substantially limited in the major life activity of walking. Although plaintiff indicated that he occasionally has difficulty walking due to neuropathy (and for this reason occasionally obtained a ride to the defendant's medical facility when he was feeling poorly to check his blood sugar), the evidence indicates that this difficulty was intermittent and mild during his employment with defendant. Additionally, there was no evidence (from plaintiff's physician or otherwise) as to the expected long term effects, if any, of diabetes on plaintiff's ability to walk (much less defendant's knowledge of such expectations). Moreover, there was no evidence that plaintiff's walking difficulties interfered with plaintiff's ability to perform his job while in defendant's employ. Accordingly, the court concludes that there is no evidence upon which a reasonable juror could find that defendant perceived plaintiff as being substantially limited in the major life activity of walking.

## Conclusion

Having considered all of the evidence presented by plaintiff in his case-in-chief, as well as the testimony of the two wit-

---

**5.** *See also* this court's order dated October 1, 1999, containing its ruling on defendant's motion for summary judgment.

nesses resented by defendant before trial was adjourned, the court concludes as a matter of law that there is no evidence that defendant perceived plaintiff as substantially limited in any major life activity. There being no evidence that defendant regarded plaintiff as disabled within the meaning of the ADA, the court concludes that defendant is entitled to judgment as a matter of law as to plaintiff's claim that he was subjected to a hostile work environment harassment because his employer perceived him as disabled.

DONE this the 14th day of October, 1999.[6]

---

**6.** Although this written order was signed on January 27, 2000, it is being entered *nunc pro* *tunc* as of the date of the court's oral ruling.